Filed 6/29/23  P. v. Colon CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE ANTHONY COLON,<br><br>    Defendant and Appellant. | H050141<br>(Santa Clara County<br>Super. Ct. No. 122562) |

### THE COURT[1]

Defendant Jose Anthony Colon appeals from an order denying his petition for resentencing under former Penal Code section 1170.95.[2]  For the reasons set forth below, we will affirm the order.

### I. PROCEDURAL BACKGROUND

Colon was convicted by a jury of first degree murder (§ 187; count 1) in 1990.[3] The jury found true the special circumstance that the murder was committed while Colon was engaged in the commission or attempted commission of a robbery (§ 211).  Colon was also convicted of robbing the murder victim on the night of the murder.  (§ 211–212.5, subd. (a); count 2.)  As to counts 1 and 2, the jury found true that Colon personally

---

[1] Before Grover, J., Greenwood, P.J., and Lie, J.

[2] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no changes to the text. (Stats. 2022, ch. 58, § 10.)

[3] We omit the facts of the offense as they are not relevant to the analysis and disposition of the appeal.

used a deadly and dangerous weapon (knife) during the commission of the offenses. (§ 122022, subd. (b).) Colon was convicted of numerous other offenses at trial: two counts of possessing stolen property (§ 496; counts 4 and 7); three counts of automobile theft (Veh. Code, § 10851, subd. (a); counts 6, 13, and 14); four counts of first degree burglary (§ 459–460.1; counts 8, 9, 11, and 12); and two counts of petty theft (§ 484–488; counts 10 and 15). The trial court sentenced Colon to life in prison without possibility of parole on count 1, consecutive to a 10-year prison term imposed on the remaining felony counts, and a county jail term (deemed served) on the petty theft counts. On appeal, this court reversed one conviction for receiving stolen property and otherwise affirmed the judgment. (*People v. Colon* (May 12, 1992, H007298) [nonpub. opn.])

On January 27, 2022, Colon petitioned for resentencing under former section 1170.95. Colon's petition alleged that he had been convicted of murder under the felony murder rule or the natural and probable consequences doctrine and could not be presently convicted of murder because of changes made to sections 188 and 189.

The trial court ruled that Colon was not entitled to relief as a matter of law, and it denied the petition without issuing an order to show cause. The court noted that the jury instructions provided a path to first degree murder under both felony murder and willful, premeditated, and deliberate murder, but not based on a natural and probable consequences theory. In reaching its decision, the trial court stated that it relied on: (1) Colon's testimony at trial that he was the actual killer and that he personally inflicted the fatal blows; (2) this court's previous opinion, which showed that Colon's liability for the murder was predicated on him being the actual killer and that his defense was an unsuccessful attempt to negate malice; and (3) the jury's finding that Colon personally used a knife during the commission of the murder. The court found that because Colon's testimony did not reveal the participation of a third party in the killing, the jury instructions necessarily premised his first degree murder liability either on a malice theory or on a felony murder theory with Colon as the actual killer. The court noted

2

further that the jury was instructed that the special circumstance allegation was not established unless the defendant "has killed in cold blood in order to advance the robbery."

After a timely notice of appeal, counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). We notified Colon that he could file a supplemental brief on his own behalf, and that failure to do so would result in dismissal of the appeal as abandoned. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232.) Colon has filed a timely supplemental brief.

## II. DISCUSSION

In his supplemental brief, Colon requests leave to file a habeas corpus petition so that he can seek relief under the statutory changes effected by Assembly Bill No. 256 (2021–2022 Reg. Sess.). He does not raise an arguable issue in this appeal. An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended sections 188 and 189, which pertain to the definition of malice and the degrees of murder. (Stats. 2018, ch. 1015, §§ 2–3.) As amended, section 188 provides: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2; § 188, subd. (a)(3).) The changes to the law were enacted to "amend the felony murder rule and the natural and probable consequences doctrine, … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant of the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

3

Senate Bill No. 1437 also added former section 1170.95, "which permits a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill No. 1437." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.) "If the petitioner makes a prima facie showing of entitlement to relief, the court must issue an order to show cause and, absent a waiver and stipulation by the parties, hold a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner." (*Id.* at p. 992.)

During its prima facie review, a trial court "may look at the record of conviction … to determine whether a petitioner has made a prima facie" showing. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) However, the prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*Lewis*, at p. 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) " '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid*.) Although the court may rely on the record of conviction (including any appellate opinion) in determining whether the petitioner has made a prima facie showing, " 'an appellate opinion might not supply all answers,' " and the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

Colon does not dispute the trial court's conclusion that he was not entitled to resentencing relief under section 1172.6. Instead, he seeks to file a claim in this court

related to alleged racial discrimination at his trial under the amendments to sections 745 and 1473 as effected by Assembly Bill No. 256. That is not a cognizable claim in an appeal from the order denying his resentencing petition pursuant to section 1172.6. As Colon raises no arguable issue in his supplemental brief, we must affirm the order denying his section 1172.6 petition. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503–504.)

### III. DISPOSITION

The order denying the resentencing petition is affirmed.